BLD-256                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2535
_____

AARON PAUL LLOYD,
                                                         Appellant

v.

JAWAD A. SALAMEH, Medical Doctor at SCI Laurel Highlands;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JEFFREY A. BEARD; ANNETTE KOWALEWSKI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00079)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 23, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Aaron Lloyd appeals the District Court's order dismissing his

complaint under 28 U.S.C. § 1915. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons discussed below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Lloyd, who is incarcerated at SCI Laurel Highlands, filed a complaint in the District Court alleging that the defendants violated his Eighth Amendment rights by providing him inadequate medical care. More specifically, he complained that Dr. Salameh prescribed him Ditropan despite the fact that he was already taking Depakote and Remeron, and that these medications reacted adversely, causing him to become disoriented and confused.

A magistrate judge recommended that the complaint be dismissed under § 1915. As the magistrate judge explained,

> "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

R&R at 2 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Here, the magistrate judge concluded, Lloyd had alleged only that the defendants "showed medical malpractice and negligence," which was not sufficient to state a claim under the Eighth Amendment. Nevertheless, the magistrate judge invited Lloyd to amend his complaint.

Lloyd then filed a document that he intended to serve both as objections to the

2

report and recommendation and an amendment to his complaint. In this document, Lloyd reiterated the allegations from his complaint, but also included the deliberate-indifference elements as set forth in the report and recommendation. The District Court concluded that the new allegations did not cure the complaint's deficiencies, and dismissed it because it "allege[d] negligence . . . and not deliberate indifference." Lloyd then filed a timely notice of appeal.

We agree with the District Court that Lloyd's allegations do not suffice to show deliberate indifference with respect to the care he received. See, e.g., Farmer, 511 U.S. at 836. "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Here, Lloyd has claimed that in an effort to treat his bladder condition, Dr. Salameh prescribed Ditropan, which had an "idiosyncratic reaction" with medication that he was already taking. While Lloyd contends that Dr. Salameh should not have prescribed Ditropan, we have recognized that courts will "disavow any attempt to

3

second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted)). Lloyd does not suggest that the decision to provide him with Ditropan was based on an ulterior motive beyond routine patient care, and he acknowledges that he received prompt and extensive treatment following his reaction. Cf. White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). While Lloyd included in his amended complaint certain legal conclusions in support of his claim, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Accordingly, we will summarily affirm the District Court's order dismissing the case. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We also deny Lloyd's request for the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).